Jean JEW, Appellant,

v.

The UNIVERSITY OF IOWA, the Regents of the University of Iowa, Appellees.

No. 86–463.

Supreme Court of Iowa.

Jan. 14, 1987.

Getts, P.A., Minneapolis, Minn., and James P. Hayes and Paul J. McAndrew, Jr. of Meardon, Sueppel, Downer & Hayes, Iowa City, for appellant.

Thomas J. Miller, Atty. Gen., and Merle Wilna Fleming, Asst. Atty. Gen., for appellees.

Considered by McGIVERIN, P.J., and LARSON, SCHULTZ, CARTER, and NEUMAN, JJ.

CARTER, Justice.

Plaintiff, Jean Jew, an associate professor of anatomy at the University of Iowa, appeals from an adjudication that the district court had no original jurisdiction to consider her civil rights action. The action was brought pursuant to Iowa Code section 601A.16(1) (1985) after a release authorizing suit had been issued by the Iowa Civil Rights Commission. The district court concluded that the offending conduct was "agency action" as defined in Iowa Code section 17A.2(9) (1985) and that the exclusive means for challenging such administrative action is a petition for judicial review under Iowa Code section 17A.19 (1985). We disagree with the conclusions reached by the district court and reverse the order sustaining defendants' special appearance.

The petition filed in district court includes four counts. Counts Three and Four are defamation and invasion of privacy actions against an individual defendant who is not a party to this appeal. Counts One and Two are against the University of Iowa and the Iowa State Board of Regents (the defendants). Count Two alleges a breach by defendants of plaintiff's contract of employment. Count One is an original civil rights action alleging that plaintiff filed a proper complaint against defendants with the Iowa Civil Rights Commission based on alleged sex discrimination by an employer and that following the statutory time periods that commission issued a release authorizing suit under section 601A.16(1).

Carolyn Chalmers and Robert Zeglovitch of Pepin, Dayton, Herman, Graham &

Defendants filed a special appearance with respect to each of these claims, asserting the district court lacked jurisdiction, in an original action, to hear and determine the claims. In support thereof, defendants assert that the allegedly offending conduct identified in the petition is "agency action" and, as a result, "Iowa Code chapter 17A ... is the exclusive means for obtaining ... review of [said] action, absent an express statutory provision that provides for another process." Following a hearing, the district court sustained defendants' special appearance with respect to both Count One and Count Two. Plaintiff has appealed this ruling with respect to Count One only.

In determining that it lacked original jurisdiction, the district court found the offending conduct on both the civil rights count and the breach of contract count constituted "agency action" as defined in Iowa Code section 17A.2(9) and further explained in *Allegre v. Iowa State Board of Regents*, 319 N.W.2d 206 (Iowa 1982). The court concluded that the Iowa State Board of Regents has by agency rule conferred contracting authority for all employment matters involving the faculty of the University of Iowa upon the president of the University. The court further found that rules of conduct appropriate for faculty members are enforceable through procedures established under other specific agency rules. Accordingly, it concluded that the settlement of grievances with the University's own employees is the sort of issue that is appropriately adjudicated within the administrative process and ultimately reviewable under the Iowa Administrative Procedure Act.

Plaintiff does not challenge the district court's conclusions with regard to her breach of contract claims. She urges, however, that, even if the conduct of the defendants described in her civil rights action falls within the definition of "agency action" under section 17A.2(9), her original civil rights action is, nonetheless, authorized by reason of Iowa Code section 601A.16(1). To hold otherwise, she suggests, will render the Iowa Civil Rights Act of 1965 a nullity with regard to claims by state employees against their agency employers even though Iowa Code section 601A.2(5) (1985) expressly provides that employers subject to its provisions include "the state of Iowa or any political subdivision, board, commission, department, institution, or school district thereof."

Plaintiff argues that judicial review of the actions of the Board of Regents under section 17A.19 does not offer her an adequate alternative to proceeding under chapter 601A before the Iowa Civil Rights Commission or by original action in the Iowa District Court following a release to sue. She suggests the Regents are not empowered to order the remedial action made available to civil rights claimants under Iowa Code section 601A.15(8)(a) (1985). In turn, the power of a court reviewing agency action under section 17A.19 is limited by the agency's own statutory authority to grant relief. The conclusion to which this argument leads is that few, if any, of the provisions for "remedial action" contained in section 601A.15(8) would be available to employees of state agencies if we adopt the contentions of the defendants concerning the exclusivity of chapter 17A.

Plaintiff also points out that, in addition to creating tension concerning specific guarantees of the Iowa Civil Rights Act of 1965, the district court's interpretation of chapter 17A creates tension regarding our decisions recognizing, in situations not involving acts by agency employees, that claimants are not required to pursue inadequate or ineffectual administrative remedies where a clear statutory procedure for relief is otherwise provided. This situation is illustrated in *Ruthven Consolidated School District v. Emmetsburg Community School District*, 382 N.W.2d 136 (Iowa 1986), where we stated

> exhaustion questions are resolved by a two-step analysis: Is an administrative remedy provided? Is it intended to be exclusive?
>
> . . . .
>
> [A] legislative intent is ... required, for the second step, that the administrative procedure be exclusive.

*Id.* at 139 (citation omitted). In the *Ruthven Consolidated School District* case, we held that, notwithstanding the presence of an administrative remedy for disputes concerning the division of assets and liabilities of the participants in a reorganized school district, the legislature had provided an alternative statutory route for such disputes to progress "directly to arbitration and thereafter directly to court." *Id.* at 139.

Defendants' response to plaintiff's arguments is a nearly exclusive reliance on the "specific reference" provisions of Iowa Code sections 17A.1(2) and 17A.23 (1985). They contend that, in claims based on action by state agencies, these provisions create a conclusive presumption of the exclusivity of the chapter 17A judicial review procedure over all other statutory remedies, unless the competing legislation has negated application of the IAPA by specific reference somewhere in its provisions. The defendants suggest that our recognition and application of the specific reference requirements in *Polk County v. Iowa State Appeal Board,* 330 N.W.2d 267, 276 n. 4 (Iowa 1983), if logically extended to fit the context of the present civil rights claim, requires an affirmance of the district court's decision.

In seeking to solve the central issue presented by this case, we conclude the exclusivity of the judicial review procedures of section 17A.19, as a means of assailing acts or omissions of administrative agencies, must necessarily vary, based on the context of the transaction. Ostensibly, section 17A.19 applies to judicial review of at least three distinct types of agency action: (1) contested case hearings, (2) rule-making, and (3) so-called "other agency action." *Allegre v. Iowa State Board of Regents,* 349 N.W.2d 112, 114 (Iowa 1984); *Polk County,* 330 N.W.2d at 276.

■■■ Where a contested case procedure envisioned by section 17A.12 has been undertaken and has run its course to conclusion, it is almost axiomatic that any further challenge to the action taken or confirmed by the final agency decision may only be asserted by proper petition for judicial review under section 17A.19. *Walker v. Iowa Department of Job Service,* 351 N.W.2d 802, 805 (Iowa 1984). With regard to rule-making activities, however, the situation is not so rigid. Statutory procedures exist for challenging agency rules by judicial review of the final agency action adopting the rule, but this method of challenge is not exclusive. A party aggrieved by application of an administrative rule may challenge its validity in an independent action where the rule is sought to be applied. *Cf. Lundy v. Iowa Department of Human Services,* 376 N.W.2d 893, 895 (Iowa 1985).

■■■ With respect to judicial review of so-called "other agency action," we detect that the lines of exclusivity are not as rigidly drawn as defendants' argument suggests or as the district court found. We agree with plaintiff's assertion that where, as in the present case, the action challenged bears scant relation to the agency's statutory mandate or supposed area of expertise, agency employees should enjoy the same right to pursue matured statutory causes of action as other employees. This is particularly true where public employees are expressly included as beneficiaries of the enabling statute in its definitional provisions.

We do not find that permitting an independent action to proceed in the present case is contrary to our holdings in *Kerr v. Iowa Public Service Co.,* 274 N.W.2d 283 (Iowa 1979), or *Dougherty v. State,* 323 N.W.2d 249 (Iowa 1982). In *Kerr,* the commerce commission had granted a utility company a right of eminent domain. Without seeking reversal of the commission's decision through clearly prescribed statutory methods, an affected property owner sought an injunction to halt condemnation of an easement across his land. We held that any direct attack on the utility's power of eminent domain had to be preceded by a petition for judicial review under section 17A.19. In *Dougherty,* we held that section 17A.19 is the exclusive method for attacking the revocation of a prison inmate's work release.

■ In both *Kerr* and *Dougherty*, the action challenged was the very decision which the agency's mandate directed it to make. In the present case, the action challenged (sexual harassment) has little connection with the mandate of the University or the Regents. We find no attempt in the present case to avoid a statutorily prescribed mandate for resolution of the type of controversy presented. Indeed, to the extent that a statutorily prescribed mandate may be detected in the legislation here considered, it is that civil rights claims are to be pursued in the manner undertaken by plaintiff.[1]

■ Nor do we believe that permitting an independent action to proceed in the present case runs counter to the "specific reference" mandates of section 17A.1(2) or section 17A.23. The former section forms the preamble to the entire chapter constituting the Iowa Administrative Procedure Act. It contains a statement of goals and purposes and further provides:

This chapter is meant to apply to all rule-making and contested case proceedings and all suits for the judicial review of agency action that are not specifically excluded from this chapter or some portion thereof by its express terms or by the express terms of another chapter.

Iowa Code section 17A.23 provides, in part:

Except as expressly provided otherwise by this chapter or by another statute referring to this chapter by name, the rights created and the requirements imposed by this chapter shall be in addition to those created or imposed by every other statute now in existence or hereafter enacted. If any other statute now in existence or hereafter enacted diminishes any right conferred upon a person by this chapter or diminishes any requirement imposed upon an agency by this chapter, this chapter shall take precedence unless the other statute expressly provides that it shall take precedence over all or some specified portion of this named chapter.

Section 17A.1(2) is susceptible of an interpretation that, where actions for judicial review of agency action are in fact brought, they shall be maintained in accordance with the provisions of section 17A.19. It does not speak to the issue of exclusivity. Section 17A.23 also talks around the subject of exclusivity, except with regard to statutes diminishing rights conferred upon a person by chapter 17A. No suggestion has been made in the present case that section 601A.16(1) or any other provision of chapter 601A serves to "diminish" plaintiff's rights under chapter 17A.

We hold the defendants have failed to establish that the district court was without original jurisdiction of plaintiff's civil rights action on the grounds asserted, and the district court therefore erred in sustaining their special appearance to Count One of the petition on such grounds. That order is reversed, and the case is remanded to the district court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

---

1. In addition to the arguments we have set forth, plaintiff also seeks reversal of the district court's order based on an amendment to § 601A.16(1) enacted after this appeal was taken. In 1986 Iowa Acts ch. 1245, § 263, the legislature added the following language to that section:

This provision also applies to persons claiming to be aggrieved by an unfair or discriminatory practice committed by the state or an agency or political subdivision of the state, notwithstanding the terms of the Iowa administrative procedure Act.

Because we conclude that this amendment only clarifies the intent of the statute prior to its enactment, we need not consider plaintiff's contention that it should be given retroactive application.