426 N.W.2d 161 (1988)
David L. KRAUSE, Appellee,
v.
STATE of Iowa ex rel. IOWA DEPARTMENT OF HUMAN SERVICES, Connie L. Krause, on Behalf of Jonathan Krause, and Doris A. Taylor and Daniel C. Williams, As Designee of the Director of the Bureau of Collections, Appellants.
No. 87-1233.
Supreme Court of Iowa.
July 20, 1988.
*162 Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., Robert R. Huibregtse, Asst. Atty. Gen., and Ralph H. Allen, Asst. Co. Atty., for appellants.
Mark S. Soldat, Algona, for appellee.
Considered by SCHULTZ, P.J., and CARTER, NEUMAN, SNELL, and ANDREASEN, JJ.
CARTER, Justice.
The Iowa Department of Human Services (the agency) appeals from a district court decision which determined that the type of hearing which must be accorded a person liable for child support under Iowa Code section 252C 4 (1985) is an original hearing in the district court rather than a review of administrative action under the provisions of Iowa Code section 17A.19 (1985). Because we agree with the district court's interpretation of the applicable statutes, we affirm its order.
The essential facts of this case are not in serious dispute. Connie L. Krause is the wife and Jonathan is the son of David L. Krause. Connie and David have separated. In December 1985, Connie applied for and began receiving aid to dependent children benefits. On January 15, 1986, the agency, acting through its local child support recovery unit in Fort Dodge, Iowa, gave notice to David that a child support debt was due and owing to the agency as a consequence of the public assistance being provided to a child for whose support he was legally responsible.
The January 15 notice advised David that he owed the agency $172.32 for public assistance previously provided. In addition, it informed him of the agency's intent to record an administrative order with the district court for (a) recoupment of the debt currently owed the agency, and (b) establishing an obligation against David for future child support of not less than $322 per month.
The notice stated that David had a right to "request a negotiation conference" concerning the demand for payment or, in the alternative, "to request a court hearing on this matter even if no conference is requested." Although the notice contained an explanation of how the agency had calculated the debt for past support, it did not indicate how it had determined the proposed future support obligation.
David responded to the notice on January 23, 1986, through his attorney. This response was directed to Ms. Doris Taylor of the Fort Dodge child support office. David offered to make payments of $60 per month and tendered a financial affidavit showing gross monthly income of $1257.01. On January 27, 1986, David, again by counsel, wrote to the agency requesting "a hearing in district court and that the director of the child support recovery unit certify the matter to the district court." This letter also contained objections to the amount of the future monthly child support payments suggested by the agency.
Ms. Taylor responded to this correspondence on January 31, 1986, by acknowledging the request for a court hearing and enclosing a form petition for judicial review of agency action under Iowa Code chapter 17A. She advised David that in order to obtain a hearing this form would need to be completed and filed with the clerk of the district court.
On February 3, 1986, David's counsel replied to Ms. Taylor advising her that it was his belief that it was the agency's responsibility to certify the matter to the district court. This letter further suggested *163 that the hearing to which David was entitled was an original hearing in the district court rather than a judicial review of an administrative determination.
On February 4, 1986, Ralph H. Allen, Assistant County Attorney for Webster County, responded to David's counsel and politely suggested that counsel was misinterpreting Iowa Code section 252C.4. The letter advised that unless David filed a petition for judicial review by February 11, 1986, the agency "will appropriately set the amount of child support." On February 5, 1986, David's counsel responded to the assistant county attorney's letter stating that he continued to believe that it was the responsibility of the agency to implement his request for a hearing by certifying the matter to the district court.
On February 13, 1986, the matter was referred to Gordon Allen, Special Assistant Attorney General, who advised David's counsel in a letter of that same date that the only method to obtain a hearing under section 252C.4 was by a petition for review of agency action filed in the district court by the person who desired the hearing. David's counsel replied to the special assistant attorney general and advised "the point is, of course, that with respect to the issue of support payment, which could be more or less than the amount of the support debt, there is no statutorily authorized agency action which occurs before the court hearing prescribed. Therefore there is no [agency] action from which to be `aggrieved or adversely affected.'"
Following the latter communication, nothing further transpired before the agency with respect to David's request for a hearing. On February 24, 1986, the agency issued an administrative order calling for reimbursement of past support in the amount of $319.98 and establishing a future monthly support obligation against David of $314 per month. The present case arises on David's petition for judicial review of the February 24 order.
The district court heard arguments on the matter and ruled that the hearing contemplated by sections 252C.3(3) and 252C.4 is an original hearing in the district court, rather than a judicial review of agency action pursuant to chapter 17A. The court ruled that at such a hearing it is incumbent upon the agency to produce sufficient evidence to permit the district court to establish a proper level of support payments under the guidelines set forth in section 252C.10. On this appeal, we consider the agency's arguments as to why it believes that interpretation of the applicable statutes is incorrect.
I. The Type of Hearing to be Accorded Support Obligors Under Iowa Code Section 252C.4.
In seeking reversal of the district court's order, the agency argues that the right to a hearing which is accorded to child support obligors under sections 252C.3(1), (3), and 252C.4 is a judicial review of agency action under the provisions of Iowa Code section 17A.19. It urges that in reaching a contrary interpretation the district court misapplied the applicable statutes.
The statutes under which this controversy arises provide, in part:
1. In the absence of a court order, the director may issue a notice establishing and demanding payment of an accrued or accruing support debt due and owed to the department or an individual under section 252C.2. The notice shall be served upon the responsible person in accordance with the rules of civil procedure. The notice shall include all of the following:
....

f. A Statement that if the responsible person objects to all or any part of the notice or finding of financial responsibility and no negotiation conference is requested, then within twenty days of the date of service, the responsible person shall send to the office of the child support recovery unit which issued the notice a written response setting forth any objections and requesting a hearing.

g. A statement that if a timely written request for a hearing is received by the office of the child support recovery unit which issued the notice, the responsible person shall have the right to a *164 hearing to be held in district court; and that if no timely written response is received, the director may enter an order in accordance with the notice and finding of financial responsibility.
Iowa Code §§ 252C.3(1)(f), (g) (1985) (emphasis added). Following these provisions, the statute continues as follows:
3. If a timely written response setting forth objections and requesting a hearing is received by the appropriate office of the child support recovery unit, a hearing shall be held in district court.

4. If timely written response and request for hearing is not received by the appropriate office of the child support recovery unit, the director may enter an order in accordance with the notice....
Iowa Code §§ 252C.3(3), (4) (emphasis added). Also relevant to the inquiry is the very next section in the Code which provides:
1. If a timely written request for a hearing is received, the director shall certify the matter to the district court in the county in which the order has been filed, or if no such order has been filed, then to a district court in the county where the dependent child resides.

2. If the matter has not been heard previously by the district court, the certification shall include true copies of the notice and finding of financial responsibility or notice of the support debt accrued and accruing, the return of service, the written objections and request for hearing, and true copies of any administrative orders previously entered.
3. The court shall set the matter for hearing and notify the parties of the time and place of hearing.
4. The court shall consider the schedule of minimum support guidelines in section 252C.10 in establishing the monthly support payment and the amount of the support debt accrued and accruing.

5. If a party fails to appear at the hearing, upon a showing of proper notice to that party, the court may find that party in default and enter an appropriate order.
Iowa Code § 252C.4 (1985) (emphasis added).
The basic premise underlying the agency's argument is that the subject matter of the requested hearing necessarily involves a review of agency action as that term was recognized and applied in Polk County v. Iowa State Appeal Board, 330 N.W.2d 267, 276-77 (Iowa 1983). It urges, therefore, that the judicial review provisions of chapter 17A provide the exclusive means of considering such issues. This circumstance, they urge, results in part from the so-called "specific reference" mandates of section 17A.1(2) and 17A.23.
The statutes last referred to apply to judicial review of agency action and provide as follows:
This chapter is meant to apply to all rule-making and contested case proceedings and all suits for the judicial review of agency action that are not specifically excluded from this chapter or some portion thereof by its express terms or by the express terms of another chapter.
Iowa Code section 17A.1(2) (1985).
Except as expressly provided otherwise by this chapter or by another statute referring to this chapter by name, the rights created and the requirements imposed by this chapter shall be in addition to those created or imposed by every other statute now in existence or hereafter enacted. If any other statute now in existence or hereafter enacted diminishes any right conferred upon a person by this chapter or diminishes any requirement imposed upon an agency by this chapter, this chapter shall take precedence unless the other statute expressly provides that it shall take precedence over all or some specified portion of this named chapter.
Iowa Code § 17A.23 (1985).
In challenging the agency's interpretation of the hearing requirement, David points out that, at the time the right to a hearing ripens, the agency has taken no action which is susceptible of meaningful judicial review. Although proposals have *165 been made as to the proper level of support, the agency has made no final determination with respect thereto. As a result, David urges, a judicial review of agency action at this stage would be a meaningless review of a preliminary step in the proceeding.
The agency seeks to minimize the apparent inappropriateness of reviewing a tentative proposed decision by asserting that the matter could be expanded into a de novo evidentiary hearing in the district court. In support of this suggestion, it relies on the provision of section 17A.19(7), which provides: "[i]n proceedings for judicial review of agency action a court may hear and consider such evidence as it deems appropriate." We believe this argument misconceives the type of review accorded that category of administrative activity called "other agency action."
The discretion granted to the court to take additional evidence under section 17A.19(7) is for the limited purpose of highlighting what actually occurred in the agency in order to facilitate the court's search for errors of law or unreasonable, arbitrary or capricious action. Iowa Bankers Ass'n v. Iowa Credit Union Dep't, 335 N.W.2d 439, 448-49 (Iowa 1983). The additional evidence permitted to be offered under such circumstances is not to be utilized as a springboard for trying issues of fact de novo in the district court.[1]
We agree with David that review of the agency's tentative child support proposals under section 17A.19 would not provide a useful vehicle for a judicial determination of monthly support payments under the guidelines contained in section 252C.10. That is what section 252C.4(4) mandates that the court do. Moreover, it is the clear direction of section 252C.4(1) that "the director shall certify the matter to the district court." The quoted language negates any suggestion that the legislature intended the matter to be a section 17A.19 judicial review proceeding initiated by the support obligor. The district court was correct in concluding that David was entitled to an original hearing in the district court on the amount of support and that the agency had the responsibility of initiating that hearing in order to enforce its proposed claim against him.
The present case poses another example of a situation in which a claimant is not required to pursue an inadequate or ineffectual administrative remedy where another statutory procedure for relief is otherwise provided. In Ruthven Consolidated School District v. Emmetsburg Community School District, 382 N.W.2d 136 (Iowa 1986), we stated:
exhaustion questions are resolved by a two-step analysis: Is an administrative remedy provided? Is it intended to be exclusive?
....
[A] legislative intent is ... required, for the second step, that the administrative procedure be exclusive.
Id. at 139 (citation omitted). In Ruthven, we observed that, notwithstanding the presence of an administrative remedy for disputes concerning the division of assets and liabilities of the participants in a reorganized school district, the legislature had provided an alternative statutory route for such disputes to progress "directly to arbitration and thereafter directly to court." Id. at 139.
We do not find our conclusion to be in conflict with the so-called "specific reference" mandates of section 17A.1(2) or section 17A.23. As we observed in Jew v. University of Iowa, 398 N.W.2d 861, 865 (Iowa 1987), these statutes are "susceptible of an interpretation that, where actions for judicial review of agency action are in fact brought, they shall be maintained in accordance with the provisions of section 17A.19." For reasons previously stated, however, we do not view the responsibility conferred on the district court by section 252C.4 as a review of agency action. The *166 statute provides for an original judicial determination of support as an alternative to agency action.
II. Award of Fees Under 1983 Iowa Acts Ch. 107, § 2.
As a consequence of David's successful challenge to the agency's authority, the district court made an award of fees and expenses, including attorney fees, in favor of David. That action was predicated on the provisions of 1983 Iowa Acts chapter 107, § 2, which allows such an award to a prevailing party in chapter 17A judicial review actions brought subsequent to July 1, 1984. The legislation is currently codified in Iowa Code section 625.29 (1987).
The agency does not challenge this award on this appeal except as it attacks David's legal right to have prevailed in the underlying litigation. For the reasons we have set forth in the previous division of this opinion, it has failed in that challenge. David has now asked for an additional award of fees and expenses, including reasonable attorney fees, which have been necessitated by the agency's appeal.
Because of the potential for factual issues to develop in claims of this nature, we deem it more appropriate that the issue be presented to the district court in an application to be filed by David following the issuance of the procedendo from this court. The district court may consider such application and determine what additional fees, expenses, and attorney fees should be awarded with respect to the appellate proceedings.
For the reasons indicated, we find no basis to disagree with the district court's determination of the legal issues presented, and the judgment of that court is affirmed.
AFFIRMED.
NOTES
[1] Indeed, we have observed that additional evidence offered in the district court in a review of "other agency action" may not be used to demonstrate that the agency's action is unsupported by substantial evidence produced before the agency. See Sheet Metal Contractors of Iowa v. Commissioner of Insurance, 427 N.W.2d 662, 664 n. 3 (Iowa 1988).