Joan P. **SINDLINGER,** Appellant,

v.

**IOWA STATE BOARD OF REGENTS, the Iowa State Board of Regents Merit System, and the University of Northern Iowa,** Appellees.

No. 91–1973.

Supreme Court of Iowa.

July 21, 1993.

Rehearing Denied Aug. 30, 1993.

John T. McCoy of Lindeman & Yagla, Waterloo, for appellant.

Bonnie J. Campbell, Atty. Gen., Lynn M. Walding, Asst. Atty. Gen., and Grant K. Dugdale, Asst. Atty. Gen., for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and NEUMAN, JJ.

CARTER, Justice.

Petitioner, Joan P. Sindlinger, an employee of the University of Northern Iowa, challenges the district court's order upholding the Iowa State Board of Regents' denial of a reclassification of her position under comparable worth guidelines. After considering her claims, we affirm the judgment of the district court.

Petitioner has been employed with the University of Northern Iowa since 1978 at various positions. Since 1988, she has worked in a Secretary I position at Rider Hall. On January 29, 1990, she requested a reclassification of her job to a Secretary II position. In the official description of job responsibilities, a Secretary I position is described as performing tasks under direct supervision. A Secretary II position is described as working under general supervision with significant independent work. Petitioner's reclassification request was made pursuant to the Board's merit system rules. Under those rules, the reclassification involves a comparison of petitioner's duties, as a Secretary I, with the duties of a Secretary II position. The quality of petitioner's work did not affect the decision.

In response to petitioner's request, a recruitment and classifications specialist reviewed her job duties both by desk audit and by considering information provided by

petitioner. This person also interviewed petitioner's supervisor. The recruitment and classification specialist concluded that petitioner spent approximately twenty-five percent of her time performing Secretary II duties and that she worked under direct supervision. For this reason, it was recommended that petitioner's position not be reclassified as a Secretary II. The director of the Board of Regents merit system agreed with this recommendation.

Petitioner then appealed to a review committee pursuant to agency rules. An informal hearing was conducted on her appeal. The review committee heard testimony from petitioner and petitioner's husband. Both members of the appeals committee and petitioner had the opportunity to ask questions and seek additional information and clarification of the agency's classification decision. After the hearing was adjourned, the appeals committee deliberated and rendered a written opinion, which determined that petitioner's position was properly classified as a Secretary I position. That decision was adopted as the final action of the Board of Regents.

Petitioner's petition for judicial review was considered by the district court not as review of a contested case hearing adjudication but as "other agency action." She has appealed, challenging the court's conclusion that she was not entitled to a contested case hearing before the agency and also challenges the limitations that the court placed on evidence to be received at the judicial review hearing. We consider each of these claims.

I. *Entitlement to a Contested Case Hearing Under Iowa Code Section 17A.12 (1991).*

■ We first consider petitioner's claimed entitlement to a contested case hearing on her position classification under Iowa Code section 17A.12 (1991). We have recognized that some but not all agency action requires utilization of the contested case procedure. Agency action is a broad classification defined in Iowa Code section 17A.2(9) and includes rule making, adjudication (some but not all of which need be by contested case procedure),[1] and the performance of any other agency duties. *Polk County v. Iowa State Appeal Bd.,* 330 N.W.2d 267, 276–77 (Iowa 1983).

We may not, as the Board of Regents suggests, begin our analysis with the conclusion that the challenged activity is "other agency action" and thereby eliminate petitioner's right to a contested case hearing. We must approach the issue from the opposite direction. So-called "other agency action" is the residuum of this classification if rule making and adjudication required to be made by contested case procedure are eliminated.

■ Petitioner presents the argument that, under Iowa Code section 19A.3(5) (1991), the Board of Regents is required to adopt rules "not inconsistent with the objectives of this chapter." That chapter further provides in section 19A.9(1) that

> [a]ny employee or agency officials affected by the allocation of a position to a class shall, after filing with the director a written request for reconsideration in a manner in form the director prescribes, be given a reasonable opportunity to be heard by the director.

That section further provides, "[a]n appeal may be made to the commission or to a qualified classification committee appointed by the commission." This language does not mandate, in our view, that a contested case hearing must be provided in the review process. We are cognizant of the fact that the Department of Personnel, also subject to the provisions of section

---

**1.** Contested case hearings as envisioned in § 17A.12 are those in which the legal rights, duties, or privileges of a party are required by constitution or statute to be determined by the agency after an opportunity for an evidentiary hearing. Iowa Code § 17A.2(2) (1991). If the agency establishes a less formal hearing procedure than is mandated by § 17A.12 in those situations in which there is no statutory or con-stitutional entitlement to a contested case hearing, any adjudication that takes place in that procedure is reviewed as "other agency action" and not as a contested case. *Iowa State Appeal Bd.,* 330 N.W.2d at 277. This less formal hearing procedure has been established by the Board of Regents for appeals from position classifications. 681 Iowa Admin.Code 3.127.

19A.9(1), has adopted rules that do provide for a contested case procedure in such reviews. 581 Iowa Admin.Code 3.5(1). While we do not dispute the authority of the agency to provide that type of procedure, we do not believe that it was mandated by statute.

■ In the absence of a discernible statutory right, petitioner's claim must rest on a constitutional entitlement to a contested case hearing. Such entitlement must be found, if at all, in the due process clauses of the Fourteenth Amendment to the federal Constitution or Article I, Section 9 of the Iowa Constitution. We conclude that petitioner has failed to demonstrate that the informal hearing process employed by the Board of Regents in its position classification review offends against the right of due process guaranteed under either of these constitutional provisions.

We have recognized that the goal of comparable worth is to combine positions sufficiently similar in duties and responsibilities so that the combined positions require the same minimum qualifications and can be filled based on substantially the same test of ability or fitness. *Hammer v. Branstad,* 463 N.W.2d 86, 87–88 (Iowa 1990). These statutes are more concerned with fostering a policy to be applied to employees as a group than with a determination of the rights of any individual employee. Within this system, any interest of an individual employee in determining the efficacy of the Board's classification procedures under comparable worth exists as a statutory right of input into the classification system rather than a contractual right. That statutory right merely affords a review of a particular classification in accordance with the rules that the Board has established.

The informal hearing process that is afforded for reclassification requests adequately protects the employee's rights in this process. Any claim that the final result offends against an employee's contractual rights is not a matter for determination within the administrative process for classifying positions. We do not consider the extent to which such a claim may be pursued outside the administrative process by common-law action for breach of contract or otherwise.

II. *Extent to Which District Court Should Have Permitted Additional Evidence to be Offered at Hearing on Judicial Review.*

Petitioner also alleges that the district court unduly restricted her efforts to offer evidence at the hearing before that court on judicial review of the agency's action. She wished to introduce additional evidence that she performs Secretary II work to a sufficient extent that the classification of her position should be upgraded. We believe that the district court properly limited the scope of the evidence that could be produced at the hearing on judicial review.

■ A review of "other agency action" does not involve a determination of whether the agency's final order is supported by substantial evidence. It turns on errors of law or the presence of unreasonable, arbitrary, or capricious action. *Sheet Metal Contractors of Iowa v. Iowa Commissioner of Ins.,* 427 N.W.2d 859, 867 (Iowa 1988). The taking of additional evidence by the district court in review of "other agency action" pursuant to Iowa Code section 17A.19(7) is for the limited purpose of highlighting what actually occurred at the agency level in order to facilitate the court's search for errors of law or unreasonable, arbitrary, or capricious action. *Id.; Krause v. State ex rel. Iowa Dep't of Human Servs.,* 426 N.W.2d 161, 165 (Iowa 1988); *Iowa Bankers Ass'n v. Iowa Credit Union Dep't,* 335 N.W.2d 439, 448–49 (Iowa 1983). In the present case, we believe the record that was certified to the district court fully and accurately disclosed that which occurred before the agency with respect to petitioner's reclassification request.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**