Don BURGMAIER, Appellant,

v.

**IOWA DEPARTMENT OF HUMAN SERVICES, Appellee.**

No. 96–1165.

Supreme Court of Iowa.

Oct. 22, 1997.

Rehearing Denied Nov. 20, 1997.

Don Burgmaier, Des Moines, pro se.

Thomas J. Miller, Attorney General, and Mary K. Wickman, Assistant Attorney General, for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

LARSON, Justice.

Don Burgmaier attempted to access records of the department of human services (DHS) regarding his former wife and her record of alleged child abuse. The DHS rejected his attempt on the basis that he was not a person entitled by statute to have access to the records. The DHS order was upheld by the district court on judicial review, and we affirm.

## I.  *The Facts.*

Burgmaier's parental rights to his two daughters were terminated in 1987, and the termination was affirmed by this court in *In re B.L.B.*, 436 N.W.2d 332 (Iowa 1989). Burgmaier has since attempted to get information from the DHS regarding his ex-wife's alleged abuse of their daughters, apparently as a part of an effort by Burgmaier to nullify the termination of his parental rights. Burgmaier has been provided with copies of all of the DHS information regarding his own alleged abuse of the children. But the DHS refused to give him information regarding alleged abuse by his ex-wife. The reason given was that the records are confidential by statute, and Burgmaier does not fall within any of the classes of persons allowed access to them.

## II.  *Principles of Review.*

The DHS action, for purposes of judicial review, is "other agency action." *See Sindlinger v. Iowa State Bd. of Regents*, 503 N.W.2d 387, 389 (Iowa 1993) (agency actions other than rule making and those requiring adjudication by contested case proceedings are "other agency actions"). As such, this case is reviewed for errors at law or for unreasonableness, arbitrariness, capriciousness, or for abuse of discretion on the part of the agency. *Id.* at 390; *see* Iowa Code § 17A.19(g) (1995). An action is unreasonable, arbitrary, or capricious if it is "premised on lack of rationality[,]" and the inquiry "focuses on whether the agency has made a decision clearly against reason and evidence." *Frank v. Iowa Dep't of Transp.*, 386 N.W.2d 86, 87 (Iowa 1986).

## III.  *Analysis.*

Iowa Code section 235A.15 provides this with respect to confidentiality of these records:

1.  Notwithstanding chapter 22 [examination of public records], the confidentiality of all child abuse information shall be maintained, except as specifically provided by subsection 2, 3, or 4.

2.  Access to child abuse information other than unfounded child abuse information is authorized only to the following persons or entities:

*a.*  Subjects of a report as follows:

. . . .

(2) To a *parent* or the attorney for the parent of a child named in a report as a victim of abuse.

(3) To a guardian or legal custodian, or that person's attorney, of a child named in a report as a victim of abuse.

(4) To a person or the attorney for the person named in a report as having abused a child.

(Emphasis added.)

As previously mentioned, Burgmaier has already received copies of DHS records pertaining to his own alleged child abuse, so

subsection (4) does not apply. Subsection (3) is inapplicable by its terms (providing for access by guardian or custodian of a child). Burgmaier necessarily relies, therefore, on subsection (2) to establish his right of access. The issue is whether he is a "parent" under that subsection. We conclude that he is not.

Burgmaier's parental rights were terminated in 1987 under Iowa Code chapter 232. At that time, Iowa Code section 232.2(52) (now found as section 232.2(56) (1997)) stated:

> "Termination of the parent-child relationship" means the divestment by the court of the parent's and child's privileges, duties and powers with respect to each other.

In addition, Iowa Code section 232.2(35) (now found substantially as section 232.2(39) (1997)) stated that the term "'[p]arent' means a natural or adoptive mother or father of a child *but does not include a mother or father whose parental rights have been terminated.*" (Emphasis added.)

This statutory scheme therefore strongly suggests that a terminated parent does not qualify as a parent under the confidentiality statute, and this is supported by our common law. Our court of appeals has held that a mother whose parental rights have been terminated under Iowa Code section 232.116 (1991) lost visitation rights to her children. The court stated:

> The general scheme of our statutes regarding termination of parental rights compels us to conclude the termination of one's parental rights causes the immediate cessation of any legal right the parent may have had to visitation. To reach a different conclusion would appear to defeat the purpose of terminating parental rights.
>
> ... Iowa Code section 600A.2(4) defines the termination of parental rights as "a *complete severance and extinguishment* of a parent-child relationship between one or both living parents and the child." ...
>
> Once a court determines the requirements are met to support termination, our legislature has chosen not to allow a parent to have enforceable rights.

*In re J.P.*, 499 N.W.2d 334, 339–40 (Iowa App.1993) (citations omitted).

The plaintiff has failed to establish any of the grounds under Iowa Code section 17A.19 for reversal of the department's action. We therefore affirm.

**AFFIRMED.**