Kenneth ROSS, Petitioner-Appellant,

v.

PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent-Appellee,

and

State of Iowa; Iowa State Penitentiary; and the American Federation of State, County, and Municipal Employees Council 61, Respondents.

No. 86–1466.

Court of Appeals of Iowa.

Oct. 28, 1987.

Walter Conlon of Metcalf, Conlon & Siering, Muscatine, for petitioner-appellant.

Amy J. Mills and Loral R. Blinde, Des Moines, for respondent-appellee Public Employment Relations Bd.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

Petitioner was fired from his job as a correctional officer at the Iowa State Penitentiary (ISP). He filed a union grievance proceeding to challenge his discharge. The union, however, refused to pursue the grievance to arbitration. Petitioner later filed "prohibited practice complaints" with the Public Employment Relations Board (PER Board), contending that both the union and the ISP committed prohibited labor practices. The PER Board rejected both of petitioner's complaints. Upon judicial review, the district court upheld the PER Board's conclusions. Petitioner appeals the district court's ruling. He contends that the evidence did not support the district court's conclusion that the ISP had committed no prohibited labor practice. (He does not challenge the conclusion that the union had committed no prohibited labor practice.) Petitioner also contends that the district court should have held that the full merits of his case against the ISP were properly before the district court. Finally, petitioner seeks attorney's fees on appeal. We affirm.

**I. Background.** Petitioner, Kenneth Ross, was formerly a correctional officer at the ISP. While so employed, Ross was covered by a union contract between the penitentiary and the American Federation of State, County, and Municipal Employees (the union). In 1983 the ISP fired Ross. The stated reasons for the termination were (1) off-duty marijuana use, and (2) refusal to identify other correctional officers with whom he had used marijuana while off duty. However, Ross takes the position that he was actually fired in retaliation for the union's refusal to approve a mandatory drug testing program favored by the warden. Following his discharge, Ross filed a grievance procedure through the union. After initial uncertainty, however, the union refused to pursue the grievance to arbitration since the union took the position that Ross's discharge was justified. Ross then filed "prohibited practice complaints" with the PER Board, alleging that the union had violated its duty of fair representation under Iowa Code section 20.17(1) by refusing to pursue his grievance. Ross also contended that the ISP had improperly discharged him for the exercise of protected activity, namely concerted union activity in opposing the mandatory drug testing program. The PER Board rejected Ross's complaints and the district court affirmed. This appeal followed.

**II. ISP's Labor Practices.** Ross contends that the evidence did not support the PER Board's conclusion that the ISP had committed no prohibited labor practice. Judicial review of administrative agency action is governed by the Iowa Administrative Procedure Act. Iowa Code § 17A.19. We look at the entire record in the case to determine if substantial evidentiary support exists for the agency's decision. *Hawk v. Jim Hawk Chevrolet–Buick, Inc.*, 282 N.W.2d 84, 87 (Iowa 1979). Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion. *See Grant v. Fritz*, 201 N.W. 2d 188, 197 (Iowa 1972). The possibility that two inconsistent inferences may be drawn from the evidence does not itself deprive findings of substantial evidentiary support. *Ellis v. Iowa Dep't of Job Serv.*, 285 N.W.2d 153, 156 (Iowa 1979).

In his petition, Ross contends that his firing was a violation of the Public Employment Relations Act (PERA). Specifically, Ross argues that his continued refusal to answer questions concerning the off-duty activities of himself and other ISP employees was a "protected activity" under section 20.8(3) of the PERA, and that because the ISP discharged him for these actions, it

violated section 20.10(2) of the PERA. The relevant portions of the PERA are as follows:

**20.8 Public employee rights.**

Public employees shall have the right to:

\* \* \* \* \* \*

3. Engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection insofar as any such activity is not prohibited by this chapter or any other law of the state.

Iowa Code § 20.8(3) (1985).

**20.10 Prohibited practices.**

\* \* \* \* \* \*

2. It shall be a prohibited practice for a public employer or the employer's designated representative willfully to:

a. Interfere with, restrain or coerce public employees in the exercise of rights granted by this chapter.

b. Dominate or interfere in the administration of any employee organization.

Iowa Code § 20.10(2)(a) and (b) (1985). In contrast, the ISP contends that it fired Ross because he was insubordinate in refusing to cooperate with the ISP's investigation, and because of his use of illegal drugs. We must decide whether Ross was discharged because of his union activities or whether the ISP acted because of some factor unrelated to Ross's union status. *See NLRB v. Wright Line, A Div. of Wright Line, Inc.,* 662 F.2d 899, 901 (1st Cir.1981) *cert. denied,* 455 U.S. 989, 102 S.Ct. 1612, 71 L.Ed.2d 848 (1982).

Where legal and illegal motives for a discharge are alleged, the PER Board applies a dual-motive test. *Cerro Gordo County v. Public Employment Relations Bd.,* 395 N.W.2d 672, 676 (Iowa App.1986). This test was described by us in *Cerro Gordo County* as follows:

Under the dual-motive test the employee must establish a *prima facie* case that the employee's protected conduct (i.e., union activity) was a "substantial or motivating factor in the discharge." ...
The burden then shifts to the employer to demonstrate by a preponderance of the evidence the discharge would have

taken place even in the absence of the protected conduct.... The shifting burden requires the employer to make out what is actually an affirmative defense: the discharge would have occurred in any event *and was a lawful discharge for valid reasons.*

*Id.* (citations omitted) (emphasis in original).

Based on the record as a whole, we hold that there was substantial evidentiary support for the PER Board's conclusion that the ISP did not violate Ross's rights under the PERA. Initially, the PER Board found that a partial motivating factor in Ross's discharge was that he refused to answer questions concerning his off-duty activities and the union (which Ross belonged to) refused to adopt the ISP-proposed drug program. The PER Board concluded that this constituted a discharge motivated in part by the exercise of a protected activity. The PER Board, however, then concluded that the ISP met its burden of showing that Ross would have been discharged in the absence of the exercise of a protected activity. We find there to be substantial evidence in the record to support this conclusion: First, there is evidence to support the ISP's contention that it terminated Ross because it believed that he had violated the ISP general order rule 46 (which stated that employees must report any employee, including themselves, who violate any law which affects the security, reputation, or well-being of the ISP). As noted by the district court, "a guard who has been extensively involved in off-duty drug use is a 'compromised' guard" and "[a] guard cannot depend on a fellow guard whom he knows may be subject to such threats or compromises because of his illegal off-duty activity." In keeping with that observation, we find substantial evidence to support the PER Board's conclusion that Ross would have been fired for reasons which were not violative of the PERA. Furthermore, there is also substantial evidence to support the ISP's contention that it discharged Ross for insubordination since he refused to answer questions during the ISP investiga-

tion. Again, we find substantial evidence to support the PER Board's conclusion that Ross would have been fired on this basis even in the absence of any protected activity.

**III. Merits of the Discharge.** Ross also contends that the district court should have considered whether the reasons for his discharge, although arguably not an unfair labor practice, were nevertheless legally improper. We do not believe that a court, upon judicial review of a PER Board action, could properly review issues that the PER Board itself did not have jurisdiction to consider. Actions which may be properly considered as within the PER Board's jurisdiction are noted in section 20.10 of the PERA. Some of the issues Ross now raises on appeal, such as whether Ross was insubordinate and whether the ISP had the authority to investigate its employee's off-duty actions, are not within section 20.10 and therefore, the PER Board would not have had jurisdiction to consider them. In light of its jurisdictional limitations, the PER Board did not reach these issues outside the scope of the PERA. In judicial review proceedings, the Iowa Supreme Court has stated that the district court may only review issues considered and decided by the agency. *Meads*

*v. Iowa Dep't of Social Serv.*, 366 N.W.2d 555, 559 (Iowa 1985). Therefore, since the merits of Ross's discharge, other than the PERA issue, were not at issue or considered by the PER Board, we hold that the district court was correct in not considering them.

**IV. Attorney's Fees.** Finally, Ross seeks attorney's fees against the ISP. Section 625.29 of the Iowa Code (1985) provides for the award of attorney's fees to the prevailing party in judicial review actions. Attorney's fees are not to be awarded, however, if the position of the state was supported by substantial evidence. Iowa Code § 625.29(1)(a) (1985). Therefore, in light of our holding that the PER Board's conclusion is supported by substantial evidence, we deny Ross's request for attorney's fees.

AFFIRMED.

SNELL, J., takes no part.