In the Matter of Property Seized From Michael Scott DANIELS.

Michael Scott Daniels, Appellant.

No. 90–1729.

Supreme Court of Iowa.

Dec. 24, 1991.

Richard L. McCoy, Sioux City, for appellant.

Bonnie J. Campbell, Atty. Gen., Mark Joel Zbieroski, Asst. Atty. Gen., Thomas S. Mullin, County Atty., and Mark A. Campbell, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN, and ANDREASEN, JJ.

PER CURIAM.

The claimant appeals from the district court judgment ordering the forfeiture of money and other property seized from his car by the police after the claimant was stopped and arrested for speeding. He claims that there was insufficient evidence to support the forfeiture. We reverse.

On July 12, 1990, a Sioux City police officer stopped the claimant's car for speeding over 100 miles per hour in a fifty-five miles per hour zone. While the claimant was searching his wallet for his license, the officer saw a large amount of cash inside the wallet. Subsequently, the officer directed the claimant to leave the car and placed him under arrest.

In response to the officer's questions, the claimant stated that he had no knowledge about the money and that he was not its owner. The police found the wallet hidden under the front seat arm rest. The wallet contained $5150. A small amount of marijuana was discovered in the car. A dog which was trained to detect the presence of controlled substances indicated that the cash bore the odor of a controlled substance.

The State commenced forfeiture proceedings regarding the cash as well as other items seized from the car. The State claimed that the cash was obtained from an illegal sale of a controlled substance or was intended to be used for the illegal purchase of such a drug. The claimant filed an application for return of the cash.

At the forfeiture hearing, the claimant stated that the money was his and his girlfriend's life savings accumulated from part-time employment. The claimant asserted that the police testimony about the arrest and discovery of the cash was not true.

The district court permitted the forfeiture. The district court determined that the defendant and his girlfriend were not credible. The court concluded that the defendant's casual treatment of the cash belied his claim that the cash represented his life savings.

■ We review a forfeiture proceeding under Iowa Code chapter 809 (1989) for errors of law. *In re Property Seized from Kaster*, 454 N.W.2d 876, 877 (Iowa 1990). The State has the burden to prove the items were subject to forfeiture by a preponderance of the evidence. Iowa Code § 809.11(1) (1989). The district court's findings in a forfeiture action will be upheld if supported by substantial evidence. *In re Property Seized from Rush*, 448 N.W.2d 472, 477 (Iowa 1989). In *Rush*, we concluded that the amount of drugs and drug paraphernalia found in that claimant's home, the drug account book located in the claimant's coat, the fortification of the claimant's home, and the large amount of cash provided substantial evidence that the cash was used to conduct illegal drug transactions and was therefore subject to forfeiture. 472 N.W.2d at 478.

■ In this case, unlike *Rush*, the district court's finding that the money was subject to forfeiture rests on the weak evidence connecting the money to drug dealing and the lack of credibility of the defendant's and his girlfriend's testimony. The small amount of marijuana and the dog's detection of the odor of a controlled substance did not provide substantial evidence connecting the money with drug dealing and thereby allowing the money to be forfeited. The district court's determination that the claimant's testimony was not credible does not render the evidence on the drug connection substantial. The evidence presented impermissibly requires conjecture or speculation to tie the cash seized with illegal drug transactions.

Consequently, we conclude that there was insufficient evidence to support the

district court's finding that the money and other property seized after the defendant's arrest for speeding was forfeitable. The district court's forfeiture judgment is reversed and this case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.