**Myra S. KENT, Appellant,**

v.

**EMPLOYMENT APPEAL BOARD, Job Service of Iowa, and Quality Chef Foods, Inc., Appellees.**

**No. 92–668.**

Supreme Court of Iowa.

April 21, 1993.

Gary J. Shea of Shea Law Offices, Cedar Rapids, for appellant.

William C. Whitten, Des Moines, for appellee Employment Appeal Bd.

Dennis Currell of Tom Riley Law Firm, P.C., Cedar Rapids, for appellee Quality Chef Foods, Inc.

Considered by McGIVERIN, C.J., and SCHULTZ, CARTER, NEUMAN, and SNELL, JJ.

PER CURIAM.

The issue is whether a petitioner who prevails on a petition for judicial review in obtaining unemployment benefits is entitled to attorney fees and costs from the respondents. Petitioner, Myra Kent, appeals a district court's ruling denying her motion to require the respondents, the Employment Appeal Board and the employer, Quality Chef Foods, Inc., to pay attorney fees and costs. We affirm.

Kent applied for and was denied unemployment benefits by the Employment Appeal Board. Kent then filed a petition for judicial review. The district court reversed the board's decision denying Kent unemployment benefits and remanded the case for the computation of benefits. In an unpublished decision, we affirmed the district court. Following the district court's decision, Kent, as the prevailing party, filed a motion for attorney fees and costs. The district court denied the motion. Kent has appealed.

Iowa Code section 625.29(1) (1991) provides:

1. Unless otherwise provided by law, and if the prevailing party meets the eligibility requirements of subsection 2, the court in a civil action brought by the state or an action for judicial review brought against the state pursuant to chapter 17A other than for a rule-making decision, shall award fees and other expenses to the prevailing party unless the prevailing party is the state. However, the court shall not make an award under this section if it finds one of the following:

. . . .

d. The action arose from a proceeding in which the role of the state was to determine the eligibility or entitlement of an individual to a monetary benefit or its equivalent or to adjudicate a dispute or issue between private parties or to establish or fix a rate.

We agree with the district court that section 625.29(1)(d) precludes an award of attorney fees and costs in this case. This is an action to obtain unemployment benefits. The state's role is to determine whether or not a claim for unemployment benefits is valid. *See* Iowa Code §§ 10A.601 and 96.6. In addition, Iowa Code section 96.18 provides:

Benefits shall be deemed to be due and payable under this chapter only to the extent provided in this chapter and to the extent that moneys are available therefor

to the credit of the unemployment compensation fund, and neither the state nor the division of job service shall be liable for any amount in excess of such sums. Therefore, Kent is not entitled to fees and costs from the board.

 Kent also sought attorney fees and costs from Quality Chef. Attorney fees are generally not recoverable as damages in the absence of a statute or a provision in a written contract. *McNabb v. Osmundson*, 315 N.W.2d 9, 15 (Iowa 1982); *Suss v. Schammel*, 375 N.W.2d 252, 256 (Iowa 1985). Quality Chef is not subject to the provisions of Iowa Code section 625.29, which constitute a statutory exception to the general rule that a successful litigant is not entitled to either attorney fees or court costs. While an argument can be made that the employer is in a superior financial position to bear the costs of the appeal, there is no statutory authority that authorizes the award of fees and costs. Therefore, Kent is not entitled to fees and costs from Quality Chef.

We affirm the district court's decision denying attorney fees and costs.

AFFIRMED.