In the Matter of PROPERTY SEIZED
FROM Patrick McINTYRE.

Patrick McIntyre, Appellant.

No. 95–184.

Supreme Court of Iowa.

June 19, 1996.

Glenn C. Reynolds of Reynolds, Thomas & Kelly, S.C., Madison, Wisconsin, and Kevin J. Kennedy of Kennedy & Kennedy, New Hampton, for appellant.

Thomas J. Miller, Attorney General, Angelina M. Smith, Assistant Attorney General, and Karl G. Knudson, County Attorney, for appellee State.

Considered by McGIVERIN, C.J., and LAVORATO, SNELL, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

Patrick McIntyre appeals the district court's denial of his motion for an award of costs and attorney fees which accrued during his successful resistance to the State's forfeiture proceeding. He contends that an award was mandated by Iowa Code section 625.29 (1993). We affirm.

## I. *Background Facts and Proceedings.*

On July 1 or 2, 1994 McIntyre was injured when he fell from a bluff in a remote area in Cold Water Park, Winneshiek County. After regaining consciousness he secured assistance and was transported to a hospital in Rochester, Minnesota for treatment of a fractured jaw and numerous contusions. McIntyre had reportedly told officers that he had been in the area with two other individuals and had been camping when he fell. While investigating the scene, Winneshiek County law enforcement officers seized a 1982 automobile, $7000 in cash, and other personal property. No other person or persons were located in the area and there was no evidence that anyone had been camping in the area at that time.

The State delivered notice of forfeiture on McIntyre regarding the seized property. *See* Iowa Code § 809.8. The State contended that the property was connected to drug transactions. McIntyre secured legal counsel and filed an application for return of the property. *See id.* § 809.9. The court set the application for hearing. *See id.* § 809.10.

During the forfeiture hearing, the State presented the following evidence.

Deputy Sheriff Jeffrey Berns testified that during the search of the area he located in a deep ravine a wallet containing $300 with identification of Patrick McIntyre. He also found bloody kleenexes and rags in the area. Near the top of the ravine, he found a back pack which contained $7000 in cash (twenty-three $100 bills, thirteen $50 bills, two-hundred and two $20 bills, and one $10 bill) wrapped in a cloth along with loose change, flashlights, grease markers, magazines, and other personal items; but no identification as to ownership.

The area was described as "fairly remote" and "quite wild." It apparently received little use by people other than trout fishermen. A battered 1982 Datsun automobile was located in one of the parking areas. The vehicle was not registered to McIntyre.

When the back pack was inventoried at the sheriff's office, a small amount of green, leafy substance fell from the magazines. A field test was conducted on the substance which tested positive for the presence of marijuana. The amount of the substance was described as "a very, very small quantity. It was perhaps enough to cover a thumbnail size area." The field test consumed the entire sample and the deputy doubted whether there was enough to conduct a valid field test.

A search of the car revealed "what appeared to be marijuana seeds" in the carpeting. Deputy Berns testified that he found three or four seeds, and several seeds in burnt resin which appeared to have come from a pipe. The back pack was taken to a drug-detecting dog which reacted with a hard hit indicating a strong odor of a controlled substance.

Deputy Berns later interviewed McIntyre in the hospital in Rochester on July 7, 1994. At that time, McIntyre stated that he had no intention nor recollection of coming to Iowa but had left Rochester to go to Madison, Wisconsin where he was a student. He had stopped at a gas station outside of Rochester but had no memory between stopping at the gas station and waking up in the bottom of

the ravine. He remembered he was driving the automobile and he accurately described the contents of the vehicle. McIntyre also told the deputy that he was in possession of a back pack which contained approximately $4000 to $5000 which he had won at a casino near Madison that day. Deputy Berns returned McIntyre's wallet containing cash but refused to return the $7000, the vehicle, and other personal property he believed to be involved in a drug transaction.

Deputy Berns testified that based upon his experience, a large amount of money in large denominations "is often how money would be transported which was to be used or had been used for drug transactions." The deputy speculated that the grease markers could be used to write on plastic packaging for controlled substances. No plastic packaging, however, was found at the scene.

Following the forfeiture hearing, the district court ordered that all items that could be lawfully possessed be released to McIntyre because the State had failed to prove by a preponderance of evidence a substantial connection between the property and a crime. The court costs of the forfeiture action were assessed to the State. McIntyre was not charged with any criminal offense relating to this proceeding.

Subsequently, McIntyre filed a motion for an award of costs and attorney fees pursuant to Iowa Code section 625.29. Following hearing, the court denied the motion and assessed the costs associated with McIntyre's motion and hearing to him.

■ The State did not appeal the court's order on forfeiture. McIntyre appeals from the court's ruling on his motion for an award of costs and attorney fees. Our review of the district court's ruling is for errors at law. Iowa R.App.P. 4.

## II. *Award of Costs and Attorney Fees.*

■ To uphold a forfeiture, the State must prove by a preponderance of the evidence a substantial connection between the property and a criminal offense. Iowa Code § 809.11(1); *In re Property Seized from De-Camp,* 511 N.W.2d 616, 619–20 (Iowa 1994); *State v. Dykes,* 471 N.W.2d 846, 847 (Iowa

1991). In the forfeiture ruling, the court stated the following:

> The State has engaged in conjecture and speculation as to Claimant's activities on or about July 2, 1994. Certainly, the Claimant's failure to account for his presence in Winneshiek County and his explanation as to the source of his cash lend themselves to speculation. However, a forfeiture of property rights cannot be based on conjecture and speculation.

The court concluded that the State failed to meet its burden of proof in the forfeiture proceeding.

■ The State's failure to support its forfeiture action by a preponderance of the evidence, however, does not automatically entitle McIntyre to recover his costs and attorney fees. Generally, a successful litigant is not entitled to either his costs or attorney fees. Iowa Code section 625.29(1) is an exception to the general rule. This section provides in pertinent part as follows:

> Unless otherwise provided by law . . . the court in a civil action brought by the state . . . shall award fees and other expenses to the prevailing party unless the prevailing party is the state. However, the court shall not make an award under this section if it finds one of the following:
>
> a. The position of the state was supported by substantial evidence.
>
>  . . . .
>
> c. Special circumstances exist which would make the award unjust.

The court denied McIntyre's motion on the grounds that substantial evidence was produced by the State to support its position and that the lack of identification as to the ownership of the property constitutes special circumstances which would make the award unjust.

■ A party seeking relief under section 625.29(1) "must establish that the state's case is not supported by substantial evidence." Iowa Code § 625.29(3). If the State's case is supported by substantial evidence, the court *shall* not make an award. *Id.* § 625.29(1). The court's attention is only to the evidence supporting the State's case. The substantial evidence test has been criti-

**460**

cized as an inadequate standard that does not further the remedial goals of section 625.29. *See* Samuel A. Thumma and Barbara J. Dawson, *The Iowa Equal Access to Justice Act: Is Recovery Available?*, 39 Drake L.Rev. 431, 472 (1989–1990).

 "A finding is supported by substantial evidence if it may be reasonably inferred from the evidence." *In re Property Seized from Rush*, 448 N.W.2d 472, 477 (Iowa 1989) (citations omitted). Substantial evidence is evidence that a reasonable mind could accept as adequate to reach a conclusion. *Nichols v. Schweitzer*, 472 N.W.2d 266, 274 (Iowa 1991). A finding may be supported by substantial evidence although two inconsistent conclusions might be inferred from the same evidence. *Id.* Substantial evidence is more than a scintilla of evidence, but it need not be a preponderance of evidence. *Volkswagen Iowa City, Inc. v. Scott's Incorporated*, 165 N.W.2d 789, 793 (Iowa 1969); *Elliot v. Iowa Dep't of Transp.*, 377 N.W.2d 250, 256 (Iowa App.1985).

McIntyre contends that the evidence is not substantially supportive of the State's position because it is factually similar to *In re Property Seized from Daniels*, 478 N.W.2d 622 (Iowa 1991). After stopping and arresting Daniels for speeding, the police found a small amount of marijuana and $5150 in a wallet located in the car. *Daniels*, 478 N.W.2d at 623. A trained dog indicated that the cash bore the odor of a controlled substance. *Id.* We concluded that the facts "did not provide substantial evidence connecting the money with drug dealing and thereby allowing the money to be forfeited." *Id.* McIntyre urges that in light of *Daniels* the State should not have commenced the forfeiture action because it did not have substantial evidence to support the action.

We find the present case, however, is distinguishable from *Daniels*. In addition to the common facts, this case also includes McIntyre's inconsistent and suspicious explanation for his presence in a remote area, the presence of grease markers, the large sum of cash wrapped and stored separately from his personal money, and his explanation of the source of the money. We believe the evi-

dence presented by the State was stronger than the evidence presented in *Daniels*.

The State presented more than a scintilla of evidence connecting the seized property with a drug transaction. We believe a reasonable person could conclude that McIntyre's property was used in or derived from a drug transaction. Because the State's position was supported by substantial evidence, the court was required to not award costs and attorney fees. We need not address whether special circumstances would have rendered an award of attorney's fees unjust.

**AFFIRMED.**