**Herbert I. REMER, Appellant,**

v.

**BOARD OF MEDICAL EXAMINERS OF the STATE OF IOWA, Appellee.**

No. 96–1450.

Supreme Court of Iowa.

April 22, 1998.

Michael M. Sellers, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Pamela D. Griebel and Heather L. Adams, Assistant Attorneys General, for appellee.

SNELL, Justice.

This case raises the issue of whether a licensed doctor is entitled to attorney fees incurred by him relating to an investigation and disciplinary proceeding by the State Board of Medical Examiners. On review of the proceedings, the district court denied the licensee's claim for attorney fees. We affirm.

I.   Background Facts and Proceedings

Appellant Herbert Remer is a licensed doctor who became the subject of disciplinary proceedings by appellee Board of Medical Examiners, based on claims of substandard and grossly negligent care with regard to the treatment of a patient on December 10 and 11, 1992. Remer claims the investigation and ensuing prosecution were improper and motivated by the fact that he performs abortions.

The board began investigating Remer in late 1992 or early 1993, based on a complaint from a nurse who worked with Remer and also happened to be the wife of one of the board's investigators. The board filed formal disciplinary charges against Remer on August 10, 1995. On February 23, 1996, prior to the disciplinary hearing, Remer filed a petition for judicial review seeking a district court order to prevent the hearing from taking place. The board moved to dismiss the petition, contending there was no final agency action from which an appeal could be taken and that grounds did not exist for intermediate judicial review. The district court did not rule on the petition prior to the disciplinary hearing which was held before a three-member panel of the board on February 29 and March 1, 1996. The attorney general prosecuted this case before the panel of the board. At the end of the board's case, Remer made a motion for dismissal, which the panel granted. The panel issued a proposed order on March 30, 1996, dismissing the charges based on its determination that there was insufficient evidence presented to support the charges.

On April 8, 1996, before the panel's proposed order became final, Remer moved to amend his judicial review petition of February 23, claiming the relief sought in the first petition was moot. The amended and substituted petition requested a court order preventing the full ten-member board from reviewing the panel's proposed order. The petition also sought an award of attorney fees and monetary damages. The board did not resist the motion to amend because it agreed the first petition was moot. The board moved to dismiss the amended and substituted petition. Prior to a hearing on the board's motion to dismiss, the board decided not to appeal the proposed order. Thus the proposed order became final agency action. After a hearing on May 17, 1996, the district court sustained the board's motion to dismiss, finding that Remer's request for injunctive relief was moot and that his claim for monetary damages could not be considered in a judicial review petition. The dis-

trict court also refused to award Remer attorney fees, on the ground that the board's role in the matter had been primarily adjudicative in nature, thus precluding such an award. The district court overruled Remer's Iowa Rule of Civil Procedure 179(b) motion.

Remer appeals only the district court's ruling with regard to attorney fees, contending that under Iowa Code section 625.29 (1995) or common law he is entitled to such fees.

## II. Discussion

### A. Fees—Statutory Section 625.29

■ On appeal from a motion to dismiss a petition for judicial review, we review to correct errors at law. The sole question is whether the district court correctly applied the law. *Medco Behavioral Care Corp. v. State Dep't of Human* Servs., 553 N.W.2d 556, 561 (Iowa 1996).

In American jurisprudence, the general rule is that the prevailing party in litigation is not entitled to attorney fees or costs. *In re Property Seized from McIntyre*, 550 N.W.2d 457, 459 (Iowa 1996). Iowa Code section 625.29 provides an exception to this general rule, by allowing the recovery of attorney fees by individuals in certain civil actions involving the State. Section 625.29 provides in pertinent part:

1. Unless otherwise provided by law, and if the prevailing party meets the eligibility requirements of subsection 2, the court in a civil action brought by the state or an action for judicial review brought against the state pursuant to chapter 17A other than for a rule-making decision, shall award fees and other expenses to the prevailing party unless the prevailing party is the state. However, the court shall not make an award under this section if it finds one of the following:

   *a.* The position of the state was supported by substantial evidence.

   *b.* The state's role in the case was primarily adjudicative.

   *c.* Special circumstances exist which would make the award unjust.

   *d.* The action arose from a proceeding in which the role of the state was to determine the eligibility or entitlement of an individual to a monetary benefit or its equivalent or to adjudicate a dispute or issue between private parties or to establish or fix a rate.

   *e.* The proceeding was brought by the state pursuant to title XVI.

   *f.* The proceeding involved eminent domain, foreclosure, collection of judgment debts, or was a proceeding in which the state was a nominal party.

   *g.* The proceeding involved the department of personnel under chapter 19A.

   *h.* The proceeding is a tort claim.

The district court relied on subsection 1(*b*) in sustaining the board's motion to dismiss, finding that the board's role was "primarily adjudicative."

Iowa Code section 625.29 was passed as part of Iowa's Equal Access to Justice Act (EAJA) in 1983, *see* 1983 Iowa Acts ch. 107, § 2, but Iowa's appellate courts have affirmed a district court's award of attorney fees only once in the handful of cases they have decided involving the statute. The term "primarily adjudicative" has never been interpreted by either of Iowa's appellate courts.

Several of the decisions interpreting section 625.29 have refused to award attorney fees based on other exceptions found in the section. *See, e.g., McIntyre*, 550 N.W.2d at 460 (denying award of attorney fees on ground that State's position was supported by substantial evidence pursuant to section 625.29(1)(*a*)); *Kent v. Employment Appeal Bd.*, 498 N.W.2d 687, 688–89 (Iowa 1993) (finding that section 625.29(1)(*d*) precluded an award of attorney fees because State's role was to determine the petitioner's eligibility for benefits); *Burns v. Board of Nursing*, 495 N.W.2d 698, 701 (Iowa 1993) (reversing district court's award of attorney fees because petitioner was not prevailing party under appellate review); *Ross v. PERB*, 417 N.W.2d 475, 478 (Iowa App.1987) (denying petitioner's application for attorney fees because State's position was supported by substantial evidence).

In *Krause v. State ex rel. Iowa Department of Human Services*, 426 N.W.2d 161 (Iowa 1988), we let stand a district court award of attorney fees. In *Krause*, the court considered whether the hearing afforded to child support obligors under Iowa Code section 252C.4 regarding the level of child support the obligor must pay is a judicial review of agency action or an original hearing in district court. *Krause*, 426 N.W.2d at 163. We affirmed the district court's decision, which found in favor of Krause, concluding that the type of hearing afforded was an original hearing in district court. *Id.* at 165–66. The district court also awarded attorney fees and expenses to Krause. *Id.* at 166. The opinion notes that the agency did not challenge the award of fees and costs on appeal, "except as it attacks [Krause's] right to have prevailed in the underlying litigation." *Id.* Because we decided the issue adversely to the State, we did not consider the district court's award of attorney fees. However, we did approve an additional award for fees and expenses accrued on appeal. *Id.*

Our decision in *Krause* approved an award of attorney fees that arose from a child support hearing under Iowa Code section 252C.4 that we determined was an original proceeding, not a review of administrative action under section 17A.19. As such, it provides no authority on the question of attorney fees presented in the instant case as an administrative review action.

Iowa Code section 625.29 authorizes the award of fees and expenses to the prevailing party in an action for judicial review brought against the state pursuant to chapter 17A. Appellant Remer was the prevailing party in the agency's decision to dismiss the charges brought against him by the state. Focusing solely on the question here presented without regard to other statutory issues inhering in the language of section 625.29, we must determine if the award of attorney fees is prohibited by the exception based on the board's role being "primarily adjudicative."

"Absent legislative definition or a particular and appropriate meaning in law, we give words their plain and ordinary meaning." *State v. Ahitow*, 544 N.W.2d 270, 272 (Iowa 1996); *see also* Iowa Code § 4.1(38). We also consider the context in which the term is used. Iowa Code § 4.1(38). We apply rules of statutory construction only when the terms of a statute are ambiguous. *Carolan v. Hill*, 553 N.W.2d 882, 887 (Iowa 1996). A statute is ambiguous if reasonable persons could disagree as to its meaning. *Id.; American Asbestos Training Ctr., Ltd. v. Eastern Iowa Community College*, 463 N.W.2d 56, 58 (Iowa 1990). "Ambiguity may arise in two ways: (1) from the meaning of particular words; or (2) from the general scope and meaning of a statute when all its provisions are examined." *Carolan*, 553 N.W.2d at 887 (quoting *Holiday Inns Franchising, Inc. v. Branstad*, 537 N.W.2d 724, 728 (Iowa 1995)).

■ In the instant case, the term "primarily adjudicative" is not defined by the legislature. Therefore, we look to dictionaries for guidance in determining the plain and ordinary meaning of the term. *See William C. Mitchell, Ltd. v. Brown*, 576 N.W.2d 342, 347–48 (Iowa 1998). Webster's defines "primarily" as: "first of all: fundamentally, principally." Webster's Third New Int'l Dictionary 1800 (unabr. ed.1993). "Adjudicative" is defined as: "tending to adjudicate or concerned with adjudication." *Id.* at 27. Webster's defines "adjudicate" as: "to settle finally . . . on the merits of issues raised . . . to pass judgment on: settle judicially . . . to come to a judicial decision: act as judge." *Id.* Thus, it can be said that if an agency's function principally or fundamentally concerns settling and deciding issues raised, its role is primarily adjudicative.

■ We must also consider the meaning of the term "primarily adjudicative" in the context of the statute. The exception provides that attorney fees may not be awarded if "[t]he state's role *in the case* was primarily adjudicative." Iowa Code § 625.29(1)(*b*) (emphasis added). The language of this exception directs the court to look at the State's role "in the case" at bar, not its role in other cases or as a general matter. Thus, the court must determine whether the board's role in Remer's case principally or fundamentally concerned settling and deciding issues raised.

The powers of administrative agencies appear to be investigatory and adjudicatory in nature, as well as legislative via agencies' rule-making authority. *See* Arthur E. Bonfield, *The Definition of Formal Agency Adjudication Under the Iowa Administrative Procedure Act*, 63 Iowa L.Rev. 285, 286–87 (1977) (noting that the Iowa Administrative Procedure Act divides administrative action into three categories: rule-making, adjudication, and other agency action). Iowa Code section 17A.2(2) defines "agency action" as follows:

> "*Agency action*" includes the whole or a part of an agency rule or other statement of law or policy, order, decision, license, proceeding, investigation, sanction, relief, or the equivalent or a denial thereof, or a failure to act, or any other exercise of agency discretion or failure to do so, or the performance of any agency duty or the failure to do so.

Pursuant to Iowa Code section 272C.3, licensing boards such as the Board of Medical Examiners, are authorized, *inter alia*, to administer and enforce applicable laws and administrative rules, review or investigate alleged acts or omissions of licensees, determine whether further investigation or a disciplinary proceeding is warranted, and initiate and prosecute disciplinary proceedings. *See also* Iowa Code § 147.103A(3) (allowing the board to appoint investigators); Iowa Admin. Code r. 653—10.3(5) (powers of board include investigation, prosecution and imposition of discipline).

█ Administrative license revocation proceedings are contested cases under Iowa Code section 17A.18. An agency adjudicatory proceeding is defined by statute to be a "contested case" if the constitution or a statute requires that rights of a party be determined by an agency after an opportunity for an evidentiary hearing. Iowa Code § 17A.2(5); *Allegre v. Iowa State Bd. of Regents*, 349 N.W.2d 112, 114 (Iowa 1984). Agency action falls within the general adjudication category when it determines the rights, duties, and obligations of specific individuals as created by past transactions or occurrences. *Polk County v. Iowa State Appeal Bd.*, 330 N.W.2d 267, 277 (Iowa 1983).

We have highlighted the functional difference between investigative and adjudicative actions in *Citizens' Aide/Ombudsman v. Rolfes*, 454 N.W.2d 815 (Iowa 1990):

> Citizens' Aide's functions include, among others: investigation of administrative agency action, determination of the scope and manner of its investigations, the request and receipt of information and assistance from an agency, the entry upon and investigation of premises, the issuance of subpoenas to compel testimony and production of documents, and the power to petition a district court for an order directing obedience to the subpoena. Iowa Code § 601G.9. Citizens' Aide's investigations do not involve an adjudication of legal rights, duties or privileges, but only the discovery of facts in relation to a particular investigation.

*Citizens' Aide*, 454 N.W.2d at 817.

In *Hannah v. Larche*, the United States Supreme Court made the same distinction. The Court stated:

> [w]e think it is necessary at the outset to ascertain both the nature and function of [the Civil Rights] Commission. Section 104 of the Civil Rights Act of 1957 specifies the duties to be performed by the Commission. Those duties consist of (1) investigating written, sworn allegations that anyone has been discriminatorily deprived of his right to vote; (2) studying and collecting information "concerning legal developments constituting a denial of equal protection of the laws under the Constitution"; and (3) reporting to the President and Congress on its activities, findings, and recommendations. As is apparent from this brief sketch of the statutory duties imposed upon the Commission, its function is purely investigative and fact-finding. *It does not adjudicate. It does not hold trials or determine anyone's civil or criminal liability. It does not issue orders. Nor does it indict, punish, or impose any legal sanctions. It does not make determinations depriving anyone of his life, liberty, or property. In short, the Commission does not and cannot take any affirmative action which will affect an individual's legal rights.*

*Hannah v. Larche,* 363 U.S. 420, 440–41, 80 S.Ct. 1502, 1513, 4 L.Ed.2d 1307, 1320–21 (1960) (footnote omitted) (emphasis added).

By contrast, the powers of the Board of Medical Examiners are far more extensive. Following a lengthy investigation, the board filed formal disciplinary charges against Remer on August 10, 1995. Notice was served on Remer, the case was contested in a full evidentiary hearing before a three-member panel of the board. The panel issued its order, unanimously agreed upon, dismissing the charges on March 30, 1996.

Disciplinary hearings before the Board of Medical Examiners are typically conducted by a panel of board members with the aid of an administrative law judge. *See generally* Iowa Code §§ 17A.11(1), 148.7(3), and 272C.6(1). This procedure was followed in the instant case.

Remer argues that the long period of time spent on investigation prior to the disciplinary hearing belies the board's claim that the State's role was primarily adjudicative. He personally feels that the investigative conduct of the board was motivated by political, religious, or philosophical disagreement with his activities in the area of abortion. Remer's counsel states that the motivation of the board or its staff is not of concern but that the totality of their actions amounts to unreasonable action under Iowa Code section 17A.19(8) characterized by an abuse of discretion or a clearly unwarranted exercise of discretion. *See* Iowa Code § 17A.19(8)(*g* ).

■ We note that no finding has been made on the matter of the board's motivation, and we make none. We do not find on this record, however, that the investigative process of the board results in a diversion of the State's role as being "primarily adjudicative." The panel of the board proceeded with a full evidentiary hearing with all elements in place to effectuate an adjudication. The fact that the charges against Remer were dismissed is conclusive that whatever was produced by the investigative process was insufficient to warrant any sanction against him. Remer and the board agree that final action by the agency was achieved. Accordingly, we hold that the district court was correct in denying Remer attorney fees under Iowa Code section 625.29(1)(*b* ) because the State's role in the case was primarily adjudicative.

**B. Common Law Attorney Fee Award**

■ The determination of whether to award attorney fees under common law rests in the court's equitable powers. *Hockenberg Equip. Co. v. Hockenberg's Equip. & Supply Co.,* 510 N.W.2d 153, 158 (Iowa 1993). Therefore, our review of this issue is de novo. Iowa R.App. P. 4.

■ Remer argues that if the court finds he is not able to recover attorney fees under Iowa Code section 625.29 then attorney fees should be granted based on Iowa common law. In *Hockenberg,* we noted that generally a party "has no claim for attorney fees as damages in the absence of a statutory or written contractual provision allowing such an award." *Hockenberg,* 510 N.W.2d at 158. There is no written contract providing for an award of attorney fees in this case and we have already concluded that the statutory provision providing for fees in some proceedings involving the State is inapplicable in this case.

In *Hockenberg,* we also noted that "[c]ourts have recognized a rare exception to this general rule, however, 'when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141, 154 (1975) (citation omitted)). In expanding on the meaning of this exception to the common law rule prohibiting an award of attorney fees, we concluded that the opposing party's conduct "must rise to the level of oppression or connivance to harass or injure another." *Id.* at 159–60. Based on the record before us, we conclude that the board's conduct in this investigation, although perhaps pervasive and persistent, did not rise to the level required to warrant an award of attorney fees under Iowa common law. We therefore reject Remer's second and final argument for an award of attorney fees.

The judgment of the district court is affirmed.

**AFFIRMED.**

All justices concur except CARTER and ANDREASEN, JJ., who concur specially.

CARTER, Justice (concurring specially).

I concur with the opinion of the court and agree that the role of the state in this disciplinary matter was "primarily adjudicative" for purposes of applying Iowa Code section 625.29(1)(b). I write separately to stress that in my view all administrative action that results in a contested case hearing does not necessarily fall under that statute. Almost all administrative action that causes adverse consequences to a party seeking attorney fees under section 625.29 will have gone through a contested case hearing process. That is a necessary consequence of the rule requiring exhaustion of administrative remedies. But, this does not mean that the administrative action that is the subject of the complaint was itself primarily adjudicative.

I also note with respect to the present case that the party requesting attorney fees does not qualify for that relief on a more basic ground. Under section 625.29 such fees are only allowed when the state has commenced a civil action or when the attorney-fee claimant has prevailed against the state on the merits of the dispute in a chapter 17A judicial review proceeding. Neither of these conditions is present in this dispute.

ANDREASEN, J., joins this special concurrence.