# IN THE COURT OF APPEALS OF IOWA

No. 16-0865
Filed July 19, 2017

IN THE MATTER OF PROPERTY SEIZED FOR FORFEITURE FROM PHILLIP ANTHONY FLORA,

**PHILLIP ANTHONY FLORA,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Kathleen A. Kilnoski, Judge.

The defendant appeals the district court's denial of a request for an award of attorney fees under Iowa Code section 625.29 (2015). **AFFIRMED.**

Glen S. Downey of Downey & Mundy Law Office, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee State.

Considered by Potterfield, P.J., Bower, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**BLANE, Senior Judge.**

Defendant Phillip Anthony Flora (Flora) appeals the district court's denial of his application for attorney fees pursuant to Iowa Code section 625.29 (2015) following a dismissal of the State's forfeiture action. For the reasons set forth below, we agree with the district court and affirm.

**I. Procedural and Factual Background.**

On August 27, 2015, Pottawattamie County Deputy Sheriff Brian Miller, a member of the Southwest Iowa Narcotics Task Force, stopped Flora's vehicle for speeding. The deputy searched the vehicle and seized $120,090 in cash. On September 4, the State filed a forfeiture action as to the seized property. On September 18, Flora filed an answer contesting the seizure of the currency and requested a probable cause hearing. On October 5, the State filed what it captioned a "Motion to Determine Disposition of Property." The State appended to the motion copies of a 2013 judgment issued by the United States District Court for the Central District of California against Flora and in favor of the Federal Trade Commission in the amount of $148,310. A writ of execution for the judgment had been served on the commanding officer of the Southwest Iowa Narcotics Task Force, with which Deputy Miller was associated, to attach the seized money. The State noted that if it was successful in the forfeiture matter, the seized money would be distributed to the Iowa Department of Justice, the Southwest Iowa Narcotics Task Force, and the Pottawattamie County Attorney's office. The motion further noted that if the State abandoned the forfeiture action or was unsuccessful, the seized money would be available under the federal writ of execution to satisfy the Federal Trade Commission's judgment and would be

distributed to persons defrauded by Flora. The State moved to dismiss its forfeiture action so the seized money could be turned over to the United States Marshals to satisfy the writ.

On October 6, the district court, without holding a hearing, entered an order dismissing the forfeiture action. The court determined the State was abandoning any interest it could have in the seized property and observed that it need not determine the validity—or invalidity—of the federal writ in order to grant the motion dismissing the State's forfeiture action. The court directed counsel for Flora and the State to facilitate the return of the property seized from Flora to him in the presence of a United States Marshal no later than October 23, 2015.[1] The court's dismissal order also did not determine the merit, or lack of merit, of the State's seizure of Flora's cash. On October 7, Flora's counsel filed an attorney fee lien in the State forfeiture action for $30,000.[2] After the dismissal order was filed October 6, but before October 23, federal marshals executed the federal writ and took the seized money, but they paid Flora's attorney $30,000 to satisfy the attorney fee lien.

On November 30, Flora's attorney filed an application for attorney fees under Iowa Code section 625.29 and an application for interest under section 535.1.[3] Flora urged he was the "prevailing party" under Iowa Code chapter 809A in the forfeiture proceeding filed by the State. The State resisted Flora's

---

[1] It is undisputed that the court's order was to facilitate the execution of the federal court writ upon the seized cash.
[2] The lien specified: "[F]or the following legal work furnished by the claimant: Description of the work: Legal work in fighting the forfeiture action filled by the State of Iowa on September 4, 2015, captioned in District Court of Pottawattamie County, SPCV113557."
[3] This attorney fee claim was for $9825—$8525 for work before the dismissal and $1300 for work after the dismissal—the same services upon which the attorney fee lien had been based.

application on two grounds. First, it argued Flora was not a prevailing party, and second, Flora was not entitled to attorney fees due to special circumstances—his attorney had filed an attorney fee lien and received $30,000 in attorney's fees out of the seized money. The court denied the attorney fee application finding that Flora was not a prevailing party entitled to recover attorney fees under the statute. The court did not rule on the State's alternative theory that Flora was not entitled to recover due to the special circumstances exception in Iowa Code section 625.29. Flora appeals.

## II. Standard of Review.

Review of a court's denial of attorney fees in a forfeiture proceeding is for correction of errors at law. *See In re Prop. Seized from McIntyre*, 550 N.W.2d 457, 459 (Iowa 1996). The court is free to accept or reject the district court's legal conclusions. *See Branstad v. State ex rel. Natural Resource Comm'n*, 871 N.W.2d 291, 294 (Iowa 2015) ("*Branstad II*") (citing *Van Sloun v. Agans Bros., Inc.*, 778 N.W.2d 174, 179 (Iowa 2010)). The standard of review for cases involving a district court's interpretation of a statute is also for correction of errors at law. *Id.* (citing *Star Equip., Ltd. v. Iowa Dep't of Transp.*, 843 N.W.2d 446, 451 (Iowa 2014)). An appellate court may affirm a district court's ruling on any ground urged below, whether or not it formed the basis for the court's original ruling. *See DeVoss v. State*, 648 N.W.2d 56, 62-63 (Iowa 2002).

## III. Discussion.

Attorney fee awards are generally not recoverable in civil actions absent a statute or a specific provision in a contract. *Botsko v. Davenport Civil Rights Comm'n*, 774 N.W.2d 841, 845 (Iowa 2009). One such statutory exception is

codified in Iowa Code section 625.29(1), which allows for the recovery of attorney's fees in certain civil actions involving the State. *Remer v. Bd. of Med. Exam'rs*, 576 N.W.2d 598, 600 (Iowa 1998); *see* Iowa Code § 625.29(1).

Iowa Code section 625.29 provides for attorney fees when a party prevails in a civil action initiated by the State. Specifically, the statute states, "[T]he court in a civil action brought by the state . . . shall award fees and other expenses to the prevailing party . . . ." Iowa Code § 625.29. This statute applies to forfeiture proceedings. *See McIntyre*, 550 N.W.2d at 459. In order to recover, the non-State party must be the "prevailing party." Iowa Code § 625.29. However, the statute includes an exception that prevents a prevailing party from recovering attorney fees when "[s]pecial circumstances exist which would make the award unjust." *Id.* § 625.29(1)(c).

Flora argues he was a prevailing party, which allows him to recover attorney fees under the statute, because the State moved to dismiss its forfeiture action and the court granted the motion. Flora also argues the special circumstances exception does not apply. In response, the State argues Flora was not a prevailing party and, alternatively, that the special circumstances exception bars Flora from recovering fees even if he were a prevailing party. As noted, the district court denied the attorney fee application, holding Flora was not the prevailing party. However, an appellate court may affirm a district court's ruling on any ground urged below, whether or not it formed the basis for the court's original ruling. *See DeVoss*, 648 N.W.2d at 62-63. We will consider both arguments.

### A. Prevailing Party.

Our court has interpreted "prevailing party" as it is used in section 625.29.[4] *See Branstad v. State ex rel. Nat. Res. Comm'n* ("*Branstad I*"), No. 14-0205, 2015 WL 1546439, at *8-9 (Iowa Ct. App. Apr. 8, 2015), *rev'd on other grounds by Branstad II*, 871 N.W.2d at 297. There we turned to the dictionary definition of "prevailing party" and found: "A party in whose favor a judgment is rendered, regardless of the amount of damages awarded. Also termed successful party." *Id.* (quoting *Black's Law Dictionary* (8th ed. 2004)). We also looked at what the Iowa Supreme Court said in *Dutcher v. Randall Foods*, 546 N.W.2d 889, 895 (Iowa 1996), where it was found that a party prevails "when *actual relief on the merits* of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." (emphasis added) (quoting *Farrar v. Hobby*, 506 U.S. 103, 109 (1992)).

Flora claims he meets the definition of prevailing party. First, he argues the State could not have voluntarily dismissed the forfeiture action; doing so required a court order. Flora bases this argument on the fact that once property is seized for forfeiture, the property is in the custody of the court and requires a court order regarding its disposition. *See* Iowa Code § 809A.7(4). Once the court entered its order of disposition—that the funds were to be released to Flora—he contends the case was resolved in his favor. We do not accept Flora's contention. The State may voluntarily dismiss a forfeiture proceeding under Iowa Rule of Civil Procedure 1.943 because the civil rules of procedure apply in

---

[4] Flora argues that it is necessary for the court on appeal to define "prevailing party" in order to resolve this matter. However, we disagree, in light of the legal authority we cite.

forfeiture proceedings and provide that the initiating party may voluntarily dismiss an action at any time ten days or more before trial. *See id.* § 809A.12(16) (stating civil rules apply); Iowa R. Civ. P. 1.943 (allowing voluntary dismissal). At the time the State filed its motion requesting the matter be dismissed, trial had not even been scheduled. Therefore, the State could dismiss its forfeiture action without approval from the court.

Next, Flora cites in support of his position a dissolution-of-marriage case where the supreme court found that one party was entitled to an award of attorney fees under Iowa Code section 598.36, which contains a prevailing party requirement, when the action was dismissed by the opposing party on the first day of trial. *In re Marriage of Roerig*, 503 N.W.2d 620, 622 (Iowa 1993). The court held, "When plaintiff voluntarily dismissed her action to modify [respondent]'s child support obligation, [respondent] became the prevailing party for purposes of the statutory provision regarding an award of reasonable attorney fees," and went on to state: "Even though there was no final determination on the merits, [respondent] was the prevailing party and as such is entitled to reasonable attorney fees under the procedural rule." *Id.*

We find the present facts distinguishable from those of *Roerig*. Here, the State moved to dismiss the forfeiture action so that the seized money, rather than benefitting State agencies, could satisfy the federal judgment, where the funds would be used to reimburse victims defrauded by Flora. Flora did not get his seized money returned. Flora was not a prevailing party entitled to an attorney-fee award.

### B. Special Circumstances Exception.

Iowa Code section 625.29 includes an exception that prevents a prevailing party from recovering attorney fees when "[s]pecial circumstances exist which would make the award unjust." Iowa Code § 625.29(1)(c). Even if Flora were to be considered a prevailing party, under the facts here, it would be unjust to award attorney fees pursuant to the code section. Flora concedes that his attorney was paid $30,000 in attorney fees by the United States Marshal from the seized funds in satisfaction of the attorney lien that was filed. The record supports that the attorney fee lien filed by Flora's attorney was for services in representing Flora in the state forfeiture action. To require the State to pay Flora's attorney fees under the statute when that attorney has been compensated more than three times the amount for the same legal services constitutes a special circumstance and would be unjust.

## IV. Conclusion.

The trial court was correct in denying Flora's application for attorney fees under Iowa Code section 625.29, either because Flora was not a prevailing party, as found by the trial court, or under the special circumstances exception contained within the statute.

**AFFIRMED.**