# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-1169
Filed May 27, 2026

————————————

**Blaine Bolin,**
Plaintiff–Appellant,

v.

**Iowa Department of Health and Human Services,**
Respondent–Appellee.

————————————

Appeal from the Iowa District Court for Polk County,
The Honorable David Nelmark, Judge.

————————————

**AFFIRMED**

————————————

Gary Dickey (argued) of Dickey, Campbell, & Sahag Law Firm, PLC, Des
Moines, attorney for appellant.

Brenna Bird, Attorney General, and Breanne A. Stoltze (argued), Assistant
Solicitor General, and Michelle R. Becker, Assistant Attorney General,
attorneys for appellee.

————————————

Heard at oral argument
by Schumacher, P.J., Chicchelly, J., and Mullins, S.J.
Opinion by Mullins, S.J.

1

**MULLINS, Senior Judge.**

Blaine Bolin appeals the district court's denial of his claim for attorney fees after the court reversed the determination of the Iowa Department of Health and Human Services (HHS) that he denied critical care and failed to properly supervise a child. On appeal, Bolin argues (1) the court could not consider a legal theory the State asserted for the first time in its Iowa Rule of Civil Procedure 1.904(2) motion; (2) the State's role in the administrative proceedings was not primarily adjudicative under Iowa Code section 625.29(1)(b) (2024), so Bolin is eligible for attorney fees; and (3) the statute allows Bolin to recover attorney fees incurred in the administrative proceedings in addition to the judicial review proceedings. Because we conclude that the court properly considered the State's motion and that the administrative proceedings were primarily adjudicative, we affirm.

## I.     Background Facts and Proceedings

HHS affirmed an administrative law judge's (ALJ) determination that Bolin denied critical care and failed to properly supervise a child. Bolin filed an application for judicial review challenging the agency's determination. Upon review, the district court reversed the agency's determination because it was not supported by substantial evidence. The district court also concluded that because the State's position was not supported by substantial evidence and Bolin met the other requirements outlined in Iowa Code section 625.29, he was eligible to receive an award of attorney fees.

Bolin requested attorney fees and expenses and the State resisted, arguing that Bolin failed to attach an itemized fee application and that section 625.29 only applied to fees incurred in the judicial review process, not the underlying agency proceedings. Bolin remedied his failure to attach the

itemized fee application, and the court awarded him the fees incurred in the judicial review process.

The State filed a rule 1.904(2) motion to reconsider, enlarge, or amend, arguing that the exception in section 625.29(1)(b), which precludes collecting attorney fees when the "state's role in the case was primarily adjudicative," prevented Bolin from collecting attorney fees. Bolin's resistance argued the State could not raise its new legal theory in a rule 1.904(2) motion, the State's role was not primarily adjudicative, and the statute allowed collection of fees for the underlying administrative proceedings. The court granted the rule 1.904(2) motion and found the State's role was primarily adjudicative, making Bolin ineligible for attorney fees. Bolin appeals.

## II. Standard of Review

Our standard of review depends on the error asserted. *Colwell v. Iowa Dep't of Hum. Servs.*, 923 N.W.2d 225, 231 (Iowa 2019). When a statute vests the agency with authority to interpret the statute's language, we only reverse if "the agency's interpretation is 'irrational, illogical, or wholly unjustifiable.'" *Id.* (citation omitted). Otherwise, our review is for errors at law. *Id.* HHS does not have authority to interpret its own rules and regulations or the statute in question, so our review is for errors at law. *See id.* at 232.

## III. Analysis

### A. The Rule 1.904(2) Motion

Iowa Rule of Civil Procedure 1.904(2) provides: "On motion joined with or filed within the time allowed for a motion for new trial, the findings

and conclusions may be reconsidered, enlarged, or amended and the judgment or decree modified accordingly or a different judgment or decree substituted." Bolin argues 1.904(2) motions cannot be used to raise new legal theories, so the court could not consider the State's argument that its role in the proceedings was primarily adjudicative because it raised that legal theory for the first time in the motion. In support of his claim, Bolin points to *Winger Contracting Co. v. Cargill, Inc.*, where the court established that new legal theories cannot be raised in a rule 1.904(2) motion. 926 N.W.2d 526, 543 (Iowa 2019).

It is not surprising that *Winger* and other cases interpreting it address the issue of whether error was preserved on a claim brought for the first time in a rule 1.904(2) motion. *See id.*; *Buel v. Schuler*, No. 23-1814, 2025 WL 1066551, at *3 (Iowa Ct. App. Apr. 9, 2025); *In re Marriage of Santee*, No. 19-1370, 2020 WL 5650477, at *1 (Iowa Ct. App. Sep. 23, 2020). Clearly, rule 1.904(2) is a tool available to assist litigants on preservation. But the rule is not limited to or by preservation issues. In fact, the rule itself makes no mention of error preservation. *See* Iowa R. Civ. P. 1.904(2). Our supreme court has explained:

> There are various uses for a rule 1.904(2) motion: The rule can be used by a party, with an appeal in mind, as a tool for preservation of error. Similarly, it can be used to better enable a party to attack specific adverse findings or rulings in the event of an appeal by requesting additional findings and conclusions. *Additionally, it can be used, with no appeal in mind, to obtain a ruling on an issue that the court may have overlooked in making its judgment or decree.* Thus, when the district court fails to make specific findings, a rule 1.904(2) motion is an appropriate mechanism to preserve error. *Moreover, if the movant asks the court to examine facts it suspects the court overlooked and requests an expansion of the judgment in view of that evidence, then the motion is proper.*

*Sierra Club Iowa Chapter v. Iowa Dep't of Transp.*, 832 N.W.2d 636, 641 (Iowa 2013) (emphasis added) (cleaned up).

In the present case, the State's rule 1.904(2) motion asked the court to reconsider and amend its prior award of attorney fees and disallow any award of attorney fees pursuant to Iowa Code section 625.29(1)(b). Iowa Code section 625.29(1) provides:

> 1. Unless otherwise provided by law, and if the prevailing party meets the eligibility requirements of subsection 2, the court in a civil action brought by the state or an action for judicial review brought against the state pursuant to chapter 17A other than for a rulemaking decision, shall award fees and other expenses to the prevailing party unless the prevailing party is the state. However, the court shall not make an award under this section if it finds one of the following:
>
> > a. The position of the state was supported by substantial evidence.
> >
> > b. The state's role in the case was primarily adjudicative.

Iowa Code § 625.29(1)(a)–(b).[1]

The court had already considered subsubsection 625.29(1)(a) in awarding a portion of Bolin's requested attorney fees. But the court had not considered whether the State's role in the administrative proceedings was primarily adjudicative pursuant to subsubsection 625.29(1)(b). Clearly, the legal issue of whether Iowa Code section 625.29 authorizes the district court to award attorney fees to Bolin had been raised and was before the court. The State invoked rule 1.904(2) to call to the court's attention a statutory provision the court had "overlooked in making its judgment" and to "ask the court to examine facts it suspect[ed] the court overlooked and request[ed] an expansion of the judgment in view of that evidence." *See Sierra Club*, 832

---

[1] The statute includes six other exceptions and several other subsections, but only the cited portion is relevant to our determination.

N.W.2d at 641. Rule 1.904(2) allows the court to reconsider, enlarge, or amend its prior ruling if the motion is filed within fifteen days of the ruling. *See* Iowa R. Civ. P. 1.904(3). Here the court issued its ruling on attorney fees on June 5, and the State filed its motion to reconsider seven days later. Thus, the court had jurisdiction to reconsider, enlarge, or amend its prior ruling. *See* Iowa R. Civ. P. 1.904(2)–(3); *Iowa Elec. Light & Power Co. v. Lagle*, 430 N.W.2d 393, 396 (Iowa 1988).

The court has authority to correct its own errors provided it still has jurisdiction. *Lagle*, 430 N.W.2d at 396. It is also "improper for parties to submit new evidence at the motion-to-reconsider stage" because rule 1.904(2) motions "are not vehicles for parties to retry issues based on new facts." *Anderson v State*, 2 N.W.3d 807, 820 (Iowa 2024) (citation omitted). Therefore, for the court to rule on a 1.904(2) motion it must have jurisdiction and authority, and no further evidence must be needed to make the ruling. *See id.*; *Lagle*, 430 N.W.2d at 396.

In the present case, reconsideration did not require additional evidence or facts as the procedural history needed to determine whether the State's role was primarily adjudicative was already in the record. *See Anderson*, 2 N.W.3d at 820. Because no new evidence or facts were required to rule on the rule 1.904(2) motion and the district court still had jurisdiction, the court had authority to consider and rule on the motion. *See Anderson*, 2 N.W.3d 820; *Lagle*, 430 N.W.2d at 396.

## B. Agency's Role in the Case

Having concluded the court could consider the rule 1.904(2) motion, we turn now to Bolin's argument that even if the court had authority to consider the State's motion, it erred in concluding Bolin was not eligible for

attorney fees under section 625.29 because the State's role in the case was "primarily adjudicative."

Iowa Code section 625.29 allows individuals and certain businesses who prevail against the State on judicial review from an agency decision to recover attorney fees with some exceptions. The relevant exception for this appeal denies attorney fees if "[t]he state's role in the case was primarily adjudicative." Iowa Code § 625.29(1)(b). An agency's role is "primarily adjudicative" when its "function principally or fundamentally concerns settling and deciding issues raised." *Endress v. Iowa Dep't of Hum. Servs.*, 944 N.W.2d 71, 82 (Iowa 2020) (quoting *Remer v. Bd. of Med. Exam'rs*, 576 N.W.2d 598, 601 (Iowa 1998) (en banc)). When making this determination we must look at the agency's role in the present case, not its role generally. *Id.*

Bolin claims the State's role in the case was primarily that of an investigator and factfinder. He argues that the primary function of HHS is to protect children and complete assessments. According to Bolin, the assessment process is made up of primarily investigative functions, so the State's function and goal in this case was primarily investigative, rather than adjudicative. Therefore, section 625.29(1)(b) does not prevent him from collecting attorney fees.

To the extent Bolin relies on the general statutory functions and goals of HHS, we reject his arguments because we must assess HHS's role in the present case rather than its general purpose. *See id.* To the extent he argues HHS acted in a primarily investigative capacity in this case, we find caselaw instructive on the issue.

In one such case, the Iowa Department of Natural Resources (DNR) was informed of and investigated a fish kill resulting from a farmer releasing sweet corn silage runoff. *Branstad v. State ex rel. Nat. Res. Comm'n*, 871 N.W.2d 291, 292 (Iowa 2015). The DNR submitted a restitution assessment for the fish kill after its investigation. *Id.* at 293. The farmer challenged the restitution amount which triggered a contested hearing before an ALJ. *Id.*

On appeal, the court noted the procedures aligned with those in *Remer*, where the court found the agency's role was primarily adjudicative. *Id.* at 295–96 (citing *Remer*, 576 N.W.2d at 599–601, 603). The DNR received reports of the fish kill, investigated, and then determined the correct restitution amount before the hearing. *Id.* at 296. An ALJ issued a proposed decision, which became the agency's final decision when the Iowa Natural Resource Commission affirmed it. *Id.* The court noted that the statute required the commission to hear evidence in contested cases and adjudicate the legal rights and duties of the parties. *Id.* In doing so, the commission weighed evidence, applied the rules, considered defenses, and ultimately determined the DNR's restitution assessment was proper. *Id.* Although the commission's decision was later reversed, the agency's role was still primarily adjudicative. *Id.* at 296–97.

The process here aligns with that in *Branstad*. Here, like in *Branstad*, a report led to an agency investigation and an assessment based on the results of the investigation. *See id.* at 292–93. Like in *Branstad*, that assessment was appealed and the case was heard before an ALJ. *See id.* at 293. The ALJ heard evidence, applied the law to the facts, considered Bolin's defense, and issued a proposed decision. *See id.* at 296. Also like in *Branstad*, Bolin appealed to the head of the agency, here the director, whom the statute tasks with ruling on proposed decisions resulting from contested cases. *See id.*; *see*

*also* Iowa Code § 235A.19(3)(e) (requiring the director to issue a ruling upon appeal of a proposed decision or allow the proposed decision to act as the final agency action).

Like the commission in *Branstad*, the director weighed evidence, reconsidered Bolin's defense, and upheld HHS's assessment finding Bolin denied critical care or failed to provide adequate supervision—i.e., determined his legal rights. *Branstad*, 871 N.W.2d at 296. It is clear the HHS assessment had substantial likelihood of causing adverse consequences to Bolin, who is in the business of childcare. *See* Iowa Code § 237A.5 (outlining some of the adverse consequences of founded abuse). His counsel's protestations at oral arguments to the contrary are not persuasive. Thus, like in *Branstad*, we find the agency's role in the case was primarily adjudicative, and Bolin is not entitled to attorney fees. *See Branstad*, 871 N.W.2d at 296.

## IV.    Conclusion

The district court properly considered the State's rule 1.904(2) motion and correctly determined that Bolin was not eligible for attorney fees because the State's role in the case was primarily adjudicative. *See* Iowa Code § 625.29(1)(b). As such, we need not determine whether section 625.29 allows collection of attorney fees incurred in the underlying administrative proceedings. We therefore affirm.

**AFFIRMED.**